UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD E. STAHL, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:11CV242 JCH |
| ) | |
| MATTHEW RODDEN, et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss, filed May 25, 2011. (Doc. No. 29). The motion is fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff Donald E. Stahl is an organizer and member of a "911 Questions" group in St. Louis, Missouri. (Complaint ("Compl."), ¶ 17). The group believes that the explanations offered and popularly accepted by the public as to the cause of the devastation on September 11, 2001, are, or can be, refuted by photographic evidence of the events that is being kept out of the public's view. (Id.). Plaintiff and other members of the group engage in demonstrations, and distribute leaflets to draw public attention to the group's view. (Id., ¶ 18).

On February 6, 2009, Plaintiff and two other members of the "911 Questions" group demonstrated on the Park Avenue pedestrian overpass near the merger of Interstates 44 and 55, by holding a banner reading "911 was an inside job!" (Compl., ¶ 19). Plaintiff and another individual were arrested, allegedly for their demonstration activities, and for refusing to leave the pedestrian path on the overpass. (Id., ¶ 20). The ordinance under which police arrested Plaintiff is St. Louis Revised Code § 17.16.270, which states as follows:

> No person shall sell or offer for sale any goods or merchandise, display any sign or pictures, participate in or conduct an exhibition or demonstration, talk, sing or play music on any street or abutting premises, or alley in consequences of which there is such a gathering of persons or stopping of vehicles as to impede either pedestrians or vehicular traffic.

(Id., ¶ 22). The penalty for a violation of § 17.16.270 is a fine of up to $500.00, imprisonment of up to ninety days, or both. (Id., ¶ 23). Plaintiff maintains that despite having no warrant for Plaintiff's arrest, and no probable cause to believe Plaintiff had committed any crime, Defendant Matthew Rodden instructed Defendants Fred Cox and Ltyona Love to seize Plaintiff for demonstrating, and to seize the banner. (Id., ¶ 31).

Plaintiff was placed in a patrol car and transported to Central Patrol Division, where he was released on a summons citing violation of § 17.16.270. (Compl., ¶ 37). When Plaintiff appeared in Municipal Court on the date indicated on his summons, he was told the charges against him had been dismissed. (Id., ¶¶ 38-39). Plaintiff asserts upon information and belief that no charges were ever filed against him. (Id., ¶ 40).

On May 11, 2009, Plaintiff and Mr. William Demsar filed a Complaint for Declaratory Judgment and Injunctive Relief against the City of St. Louis, Missouri.[1] (Cause No. 4:09CV712 FRB, Doc. No. 1). In that suit, Plaintiff contended that § 17.16.270 impermissibly infringes upon free speech rights as set forth in the First Amendment to the United States Constitution. (Id., ¶ 2). As relief, Plaintiff sought entry of a declaratory judgment finding § 17.16.270 to be unconstitutional, and a preliminary and permanent injunction prohibiting enforcement of the criminal ordinance. (Id., ¶ 4). In a Memorandum and Order entered November 17, 2010, Magistrate Judge Frederick R. Buckles denied Plaintiff's requests that § 17.16.270 of the St. Louis City Revised Code be declared

---

[1] On April 12, 2010, the parties stipulated to the dismissal of Plaintiff William Demsar without prejudice. (Cause No. 4:09CV712 FRB, Doc. Nos. 16, 17).

unconstitutional, and that the City be enjoined from enforcing its terms. (Cause No. 4:09CV712 FRB, Doc. No. 36, P. 20). In doing so, Magistrate Judge Buckles specifically noted that with his suit, Plaintiff brought neither claims seeking personal relief for any alleged violation of his First Amendment free speech rights, nor equal protection claims of selective treatment, Fourth Amendment claims of unreasonable seizure, or supplemental state law claims of false arrest, malicious prosecution, conversion, or otherwise stemming from his arrest and the seizure of his sign on February 6, 2009. (Id., PP. 1, 5). Magistrate Judge Buckles entered Judgment in favor of the City of St. Louis on November 17, 2010, and dismissed Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief with prejudice. (Cause No. 4:09CV712 FRB, Doc. No. 37). Plaintiff's appeal of Magistrate Judge Buckles' rulings remains pending with the Eighth Circuit Court of Appeals.

Plaintiff filed his Complaint in this matter on February 4, 2011, naming as Defendants Police Officers Matthew Rodden, Fred B. Cox, and Ltyona Love (sued in their individual capacities), together with the St. Louis Board of Police Commissioners and its members (sued in their official capacities). (Doc. No. 1). In his Complaint, Plaintiff alleges that as a direct and proximate result of Defendants' actions and inactions, he suffered the following injuries and damages:

    a)    Violation of his rights under the First Amendment, through the Fourteenth Amendment, to be free from arrest for constitutionally protected acts of expression;

    b)    Being chilled from exercising his First Amendment rights because he fears future arrest, detention, seizure of his person and property, or other punitive response;

    c)    Unreasonable seizure of his person without a warrant or probable cause in violation of the Fourth Amendment, through the Fourteenth Amendment;

    d)    Unlawful deprivation of his liberty in violation of the Fifth Amendment, through the Fourteenth Amendment;

    e)    Unlawful seizure of his sign in violation of the Fourth Amendment, through the Fourteenth Amendment;

f) Unlawful deprivation of his property, by keeping the banner after no charges were filed, in violation of the Fifth Amendment, through the Fourteenth Amendment[2];

g) False arrest and false imprisonment causing deprivation of his liberty;

h) Conversion of his banner; and

i) Being compelled, pursuant to a summons, to go to court despite the fact no charges were filed or, in the alternative, that all charges had been previously dismissed.

(Compl., ¶ 42). Based on these assertions, Plaintiff lodges the following charges against Defendants: 42 U.S.C. § 1983 Claims against Defendants Rodden, Cox and Love in their Individual Capacities (Count I); State Law Claim of False Arrest and Imprisonment, against Defendants Rodden, Cox and Love in their Individual Capacities (Count II); State Law Claim of Conversion, against Defendants Rodden, Cox and Love in their Individual Capacities (Count III); and 42 U.S.C. § 1983 Claims against Defendants Board of Police Commissioners and Members Francis Slay, Jerome D. Lee, Michael L. Gerdine[3], Bettye Battle-Turner, and Richard H. Gray in their Official Capacities (Count IV). (Id., ¶¶ 44-58).

As stated above, Defendants filed the instant Motion to Dismiss on May 25, 2011. (Doc. No. 29). In their motion, Defendants claim that in light of Plaintiff's previous suit, the instant suit is an impermissible exercise in res judicata and/or claim splitting, and must be dismissed. (Id., ¶ 3).

### STANDARD FOR MOTION TO DISMISS

---

[2] Plaintiff maintains he was unable to retrieve the banner until after the commencement of his litigation challenging the constitutionality of § 17.16.270, and that when the banner eventually was returned, it was broken. (Compl., ¶ 41).

[3] On May 19, 2011, Plaintiff was granted leave to substitute Thomas Irwin for Defendant Michael Gerdine, in his official capacity as a member of the Board of Police Commissioners. (Doc. Nos. 26, 27).

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted, however, if the Complaint does not contain, "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted); Huang v. Gateway Hotel Holdings, 520 F.Supp.2d 1137, 1140 (E.D. Mo. 2007). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations, "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).

## **DISCUSSION**

The Eighth Circuit recently held that, "[u]nder claim preclusion, also called res judicata, 'a final judgment on the merits of an action precludes the parties...from relitigating issues that were or could have been raised in that action.'" Knutson v. City of Fargo, 600 F.3d 992, 996 (8th Cir.) (quoting Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)), cert. denied, 131 S.Ct. 357 (2010). For a claim to be precluded under the doctrine of res judicata, the following five elements must be satisfied:

> (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action. Furthermore, the party against whom res judicata is asserted must [(5)] have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect.

Rutherford v. Kessel, 560 F.3d 874, 877 (8th Cir. 2009) (citation omitted). Plaintiff does not dispute that elements one and two are met here. (See Plaintiff's Memorandum in Opposition to Motion to Dismiss ("Plaintiff's Opp."), P. 4). The Court thus turns to a discussion of the remaining elements.

### A. Same Parties Or Privies

"The doctrine of res judicata does not bar claims even arising out of the same facts against defendants who were not parties to the first action." Headley v. Bacon, 828 F.2d 1272, 1275 (8th Cir. 1987). "An exception exists, however, for those who stand in privity to the defendants in the prior suit." Id. "In general, privity exists if a person is so identified in interest with another that he represents the same legal right." Rutherford, 560 F.3d at 880 (citation omitted).

As noted above, the sole Defendant in Plaintiff's first lawsuit was the City of St. Louis, a party not named in the instant suit. Upon consideration, the Court holds Defendants here were not in privity with the City, for several reasons. First, with respect to Defendants St. Louis Board of Police Commissioners and its members in their official capacities, the Court notes the Board is an agency of the State of Missouri, not a local or municipal agency. See Smith v. State of Missouri, 152 S.W.3d 275, 278 (Mo. banc 2005) ("In fact, the general assembly has expressly prohibited the City of St. Louis and its officials from presuming to exercise authority or control over the Board or the Police Department."); Ford v. St. Louis Metropolitan Towing, L.C., 2010 WL 618491 at *17 (E.D. Mo. Feb. 18, 2010) (internal quotations and citations omitted) ("the City has no direct control over the activities of the Board of Police Commissioners or its employees"). Therefore, because as a State agency the Board presumably did not participate in the promulgation of § 17.16.270, the Court does

not find the two entities so identified in interest that they represent the same legal right with respect to defending either the ordinance's constitutionality or its methods of enforcement. Rutherford, 560 F.3d at 880.

With respect to the law enforcement officers sued in their individual capacities, the Court again holds that even assuming those officers were somehow under the direction or control of the City, their interests and those of the City, while overlapping, were not so identified with each other as to represent the same legal right. Rutherford, 560 F.3d at 880. In other words, while the City had every incentive in the earlier suit to defend the constitutionality of its ordinance, it was not necessarily compelled to argue that the officers' enforcement methods were lawful. Furthermore, under Eighth Circuit law, while litigation involving the government may be binding with respect to governmental officials later sued in their official capacities, "[b]y contrast, a judgment [for or] against a government does not bind its officials sued in their personal capacities." Headley, 828 F.2d at 1279 (citations omitted). See also Irving v. Dormire, 586 F.3d 645, 647 (8th Cir. 2009). Under these circumstances, the Court finds that element three of the res judicata analysis is not satisfied in this case.

### B. Same Claims Or Causes Of Action

With respect to the "same claims or causes of action" element of claim preclusion, the Eighth Circuit has held that, "whether a second lawsuit is precluded turns on whether its claims arise out of the same nucleus of operative facts as the prior claim." Costner v. URS Consultants, Inc., 153 F.3d 667, 673 (8th Cir. 1998) (internal quotations and citations omitted). Upon consideration, the Court finds the claims at issue here are not the same, for two reasons. First, the Court agrees with Plaintiff that while the first suit challenged on constitutional grounds a city ordinance regulating speech, the instant suit challenges Plaintiff's arrest and detention without probable cause, together with the related destruction of his chattel. (Plaintiff's Opp., P. 7). Thus, while the evidence necessary to

sustain the first cause of action included the wording of the ordinance itself, adopted by the sole Defendant in that case, the City, the necessary evidence here stems from the actions and conduct of the various Defendants in connection with Plaintiff's arrest. (Id.).

As further support for its ruling, the Court notes that the equitable relief sought in Plaintiff's first action was different in nature and scope from the compensatory and punitive damages sought in the present action. Headley, 828 F.2d at 1277. The Court thus finds Defendants have failed to establish that the two lawsuits involve the same claims or causes of action, as required for the application of res judicata.[4]

### C. Full And Fair Opportunity To Litigate

Finally, the Court notes that res judicata precludes relitigation of an issue already decided by a prior court only when the party sought to be precluded had a full and fair opportunity to litigate the issue in the prior suit. In the instant case, as noted above Magistrate Judge Buckles specifically declined to address Plaintiff's claims for personal relief, finding "[n]o such claim(s) are before the Court for resolution." (Cause No. 4:09CV712 FRB, Doc. No. 36, P. 19). Under these circumstances, the Court cannot find Plaintiff was granted notice and an opportunity to be heard on

---

[4] Under the same reasoning, the Court rejects Defendants' assertion that Plaintiff's suit is barred by Missouri's bias against the splitting of claims, as second suits are allowed when "(1) the parties are different, (2) the claims arose from different acts or circumstances, or (3) evidence needed to sustain the actions is different." Long v. Walters, 833 S.W.2d 38, 39 (Mo. App. 1992) (citations omitted). See also Hollida v. Hollida, 190 S.W.3d 550, 556 (Mo. App. 2006) (internal quotations and citations omitted) ("The quoted rule [prohibiting the splitting of a cause of action], however, presupposes a claim and action by a single plaintiff against a *single defendant*. When two defendants are potentially liable for the same loss, the claims are considered separate and two suits can be maintained against the differing parties.").

the issues raised in this suit[5], and so Defendants' Motion to Dismiss on the basis of res judicata must be denied. See Rutherford, 560 F.3d at 881.[6]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. No. 29) is **DENIED**.

Dated this 1st day of August, 2011.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[5] In light of Magistrate Judge Buckles' specific refusal to address any potential claims for personal relief, the Court declines Defendants' invitation to preclude such claims on the basis that Plaintiff himself maintains they were raised in the earlier litigation. (See Reply Memorandum in Support of Defendants' Motion to Dismiss, Doc. No. 41).

[6] In light of the above ruling, the Court need not address Plaintiff's claim that this case falls under a special exception to the normal rules of claim preclusion. (Plaintiff's Opp., PP. 2-4).